**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Jason Latroy James, ) | Civil Action No. 2:15-5039-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Jonathon D. Hoff, Detective, Summerville ) | |
| Police Department, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge (Dkt. No. 7), recommending that the complaint be summarily dismissed without prejudice and without service of process. The Court agrees with the analysis of the Magistrate Judge, but, because the complaint's deficiencies cannot be remedied by amendment, the Court declines to adopt the conclusion of the Report and Recommendation and instead dismisses the complaint with prejudice.

**I.     Background**

On January 4, 2012, an armed man robbed two brothers at gunpoint. Plaintiff alleges that his constitutional rights were violated when he was arrested for that crime on April 30, 2012, pursuant to a warrant, because the Defendant, Detective Jonathon Hoff, used an "unduly suggestive array of photographs" to obtain the witness identification that provided probable cause for the warrant. Plaintiff was indicted for the robbery on July 12, 2012, but the charges were dismissed when the prosecutor made an entry of *nolle prosequi* on December 12, 2012. Plaintiff is currently incarcerated on other charges.

On December 15, 2015, Plaintiff signed the complaint in the present action, which was mailed on December 17 and received by the Clerk on December 22. He asserts a claim pursuant to 42 U.S.C. § 1983 for arrest without probable cause.

## II.     Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Where no objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee note).

## III.     Analysis

Section 1983 actions premised on false arrest are analyzed under the Fourth Amendment. *See Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001). Plaintiff's Fourth Amendment claim is without merit. The Fourth Amendment prohibits "unreasonable searches and seizures" and requires probable cause for warrants. U.S. Const. amend. IV. Under § 1983, a law enforcement officer "cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998). Plaintiff does not assert that the arrest warrant was facially invalid. To the extent that he alleges probable cause was lacking, his claim is foreclosed by his indictment. Under South Carolina law, a true bill of indictment is *prima facie* evidence of probable cause. *Law v. S.C. Dept. of Corrs.*, 629 S.E.2d 642, 649 (2006). Plaintiff does not claim that the evidentiary basis of the arrest warrant differed from that of the indictment. To the contrary, Plaintiff implies that the evidence

supporting his arrest warrant was materially the same as that supporting his indictment, by alleging that Defendant's allegedly suggestive photo array was the cause of Plaintiff's detention even after the July 12, 2012 indictment. (*See* Dkt. No. 1 at 4.)

Plaintiff's § 1983 claim is also time-barred. *See, e.g.*, *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655–56 (2006) (concluding that a court may consider the statute of limitations *sua sponte* when reviewing a complaint filed *in forma pauperis*). Because there is no federal statute of limitations for § 1983 actions, the analogous state statute of limitations governing personal injury actions applies. *See Owens v. Okure*, 488 U.S. 235, 240–41 (1989) ("[A] State's personal injury statute of limitations should be applied to all § 1983 claims."). In South Carolina, the statute of limitations for personal injury actions is three years. S.C. Code Ann. § 15-3-530(5); *see also, e.g.*, *Williams v. City of Sumter Police Dept.*, Civil No. 3:09-2486-CMC-PJG, 2011 WL 723148 (D.S.C. Feb. 23, 2011) (concluding that plaintiff had three years in which to file § 1983 action for false arrest). Plaintiff's false arrest claim accrued on April 30, 2012. Even if Plaintiff's claim is construed as a false imprisonment or malicious prosecution claim, it accrued no later than December 12, 2012, the date on which the armed robbery charges were dismissed. His complaint was placed in the hands of prison officials on December 17, 2015—more than three years later—and is time-barred.

As the Magistrate Judge noted, these deficiencies cannot be remedied through amending the complaint. The Court therefore dismisses the complaint with prejudice.

## IV.     Conclusion

For the foregoing reasons, the Court **DECLINES TO ADOPT** the Report and Recommendation (Dkt. No. 7) and **DISMISSES WITH PREJUDICE** the Complaint (Dkt. No. 1).

-4-

**AND IT IS SO ORDERED.**

<u>s/ Richard M. Gergel</u>
Richard Mark Gergel
United States District Court Judge

April 12, 2016
Charleston, South Carolina